IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICE BREWER, ) | |
| ) | |
| Plaintiff, ) | **FILED: JUNE 12, 2008** |
| ) | **08CV3383** |
| v. ) No. | **JUDGE KENNELLY** |
| ) | **MAGISTRATE JUDGE BROWN** |
| ADVOCATE SOUTH SUBURBAN HOSPITAL, ) | **AEE** |
| ADVOCATE HEALTH AND HOSPITALS CORP., ) | |
| and ADVOCATE HEALTH CARE NETWORK, ) | **PLAINTIFF DEMANDS** |
| an Illinois corporation, ) | **TRIAL BY JURY** |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

Plaintiff, ALICE BREWER, (hereinafter "Plaintiff" or "BREWER"), by her attorneys, KIMBERLY A. CARR and ERIN BUCK KAISER, of BEST, VANDERLAAN & HARRINGTON, in complaining of Defendants, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE HEALTH AND HOSPITALS CORPORATION., and ADVOCATE HEALTH CARE NETWORK, an Illinois corporation (hereinafter "Defendants"), states as follows:

### NATURE OF CLAIM

1. This is an action seeking redress for discrimination in violation of the Americans with Disabilities Act (hereinafter "ADA"), the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. §2601, retaliatory discharge and other common law theories of recovery.

## JURISDICTION AND VENUE

2.  Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4); 42 U.S.C. §12201 *et. seq.;* 29 U.S.C. §1132; 28 U.S.C. §1331; and 29 U.S.C. §2617(2)(A). Supplemental jurisdiction is based upon 28 U.S.C. §1367 (a).

3.  Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §12201 and 28 U.S.C. §1391(b) & (c), as Defendants reside herein.

## PARTIES

4.  Plaintiff BREWER is a female citizen of the United States and currently is a resident of Burbank, Illinois.

5.  BREWER was at all relevant times an employee of Defendants and at all relevant times worked for the Defendants in the State of Illinois under their authority and control.

6.  Defendant ADVOCATE SOUTH SUBURBAN HOSPITAL is an assumed name of ADVOCATE HEALTH AND HOSPITALS CORPORATION., parented by ADVOCATE HEALTH CARE NETWORK. Defendants are located at 17800 South Kedzie Avenue, Hazel Crest, Illinois 60429-0989.

## PROCEDURAL REQUIREMENTS

7.  BREWER has fulfilled all conditions precedent to the institution of this action, under the ADA. She timely filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made part hereof as Exhibit "A."

## FACTUAL BACKGROUND

8.  Plaintiff began her employment with Defendants on February 4, 1988.

9. At all times throughout the course of her employment, Plaintiff performed her job to the satisfaction of her employer and beyond.

10. In or about 1989, Plaintiff was rendered disabled as defined within the Americans with Disabilities Act due to her chronic health conditions, Chronic Obstructive Pulmonary Disease (hereinafter "COPD").

11. At all relevant times herein, Defendants knew of Plaintiff's disability.

12. In 2003, Plaintiff's physician placed her on intermittent medical leave under the Family and Medical Leave Act (hereinafter "FMLA") wherein she would take days off as necessary for her condition. Plaintiff's intermittent FMLA was re-certified annually until her termination in April 2006.

13. Plaintiff began working under a new supervisor in late summer/early fall of 2004. After a brief time the new supervisor began to make frequent and openly derogatory comments about Plaintiff's disability.

14. Plaintiff complained to her supervisors and Human Resources regarding the adverse and discriminatory treatment by her supervisor, but nothing was done to stop the behavior.

15. In accordance with her intermittent leave under FMLA, Plaintiff was off work for a brief time in September 2005 because of a hospitalization due to her COPD. Upon her return to work Plaintiff updated her supervisor on her condition, and was thereafter written up under false pretenses on or about October 13, 2005.

16. In April 2006, Plaintiff missed a few days of work pursuant to her FMLA certification and a doctor's note. Upon her return to work, she was terminated for exercising her rights under the Americans with Disabilities Act and the Family and Medical Leave Act, and to deprive her of her medical and financial benefits.

17. Plaintiff could have easily performed her job to the expectations of her employer with a reasonable accommodation. Defendants failed to engage Plaintiff in any conversation to determine what accommodation(s) were required for her condition.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12201 *et. seq.*,**

18. Plaintiff repeats and reasserts Paragraphs 1- 17 as this Paragraph 18 as though fully set forth herein.

19. Title I of the ADA requires employers with 15 or more employees to provide qualified individuals with disabilities an equal opportunity to benefit from the full range of employment-related opportunities available to others.

20. At all times relevant, Plaintiff was rendered disabled as defined by the Americans with Disabilities Act, due to her permanent physical conditions that significantly restricted her major life activities.

21. At all relevant times, Plaintiff could perform her job functions with reasonable accommodations, including brief medical leave, from her employer.

22. Instead of accommodating Plaintiff's conditions, Defendants subjected Plaintiff to differential treatment and adverse actions in the course of her employment in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12201 *et. seq.,* including but not limited to various forms of unwarranted discipline, harassment and ultimately, termination. Any other reason given for said behavior is pretextual.

23. Plaintiff was terminated on or about April 12, 2006, because of her disability.

24. Non-disabled employees were not subjected to the same treatment or termination.

25. Plaintiff complained to her superiors regarding said unlawful treatment and

Defendants' failure to accommodate her condition.

26. Due to its inaction, as well as the direct actions of their supervisors, Defendants acted in compliance with the aforementioned unlawful acts, and ratified the same.

27. Defendants retained similarly situated non-disabled employees who had no higher skill level or experience than Plaintiff, and who were lesser qualified than Plaintiff.

28. Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, malicious, oppressive, and in total disregard and reckless indifference to Plaintiff's rights under the ADA, and justify the awarding of exemplary, liquidated and/or punitive damages.

29. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, attorney fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff, ALICE BREWER, respectfully requests judgment against Defendants, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE HEALTH AND HOSPITALS CORPORATION, and ADVOCATE HEALTH CARE NETWORK, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## COUNT II
## FAILURE TO ACCOMMODATE UNDER THE
## AMERICANS WITH DISABILITIES ACT

30. Plaintiff repeats and reasserts Paragraphs 1-29 as this Paragraph 30 as though fully set forth herein.

31. Plaintiff has a protected right as a qualified individual with a disability for an equal opportunity to benefit from the full range of employment-related opportunities available to others.

32. The ADA requires employers to engage in a mutual exchange with individuals with disabilities to evaluate how their condition may be accommodated.

33. The ADA also requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities, unless it results in undue hardship.

34. Defendants would not have suffered any undue hardship in providing reasonable accommodation to Plaintiff for her disability.

35. Plaintiff attempted to exercise her rights under the ADA through requests for reasonable accommodations.

36. Defendants refused to grant Plaintiff reasonable accommodations for her disability on more than one occasion, in violation of the ADA, and instead terminated her employment without justifiable cause.

37. The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

38. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of

career opportunities, loss of future earnings, lost benefits, past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, exacerbation of her medical condition; damage to reputation, attorneys' fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff, ALICE BREWER, respectfully requests judgment against Defendants, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE HEALTH AND HOSPITALS CORPORATION, and ADVOCATE HEALTH CARE NETWORK, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the ADA and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, compensatory damages, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## COUNT III
## RETALIATION - THE AMERICAN'S WITH DISABILITIES ACT

39.     Plaintiff repeats and reasserts Paragraphs 1-38 as this Paragraph 39 as though fully set forth herein.

40.     Plaintiff has a federally protected right to equal treatment in the workplace. Plaintiff attempted to exercise that right through complaints to Defendants through their supervisors and Human Resources professionals regarding the repeated differential treatment of Plaintiff due to Plaintiff's disability, as well as Defendants' failure to accommodate her disability, which resulted in total inaction and disregard for Plaintiff's situation.

41. Plaintiff was subjected to further adverse employment actions, including disciplinary action and wrongful termination, in retaliation for the complaints she made concerning Defendants' unlawful conduct under the ADA.

42. In taking the above adverse job actions against Plaintiff, Defendants acted in retaliation against Plaintiff for her disability, and her request for reasonable accommodation(s) for the same in violation of Section 503(b) of the ADA.

43. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, exacerbation of her medical condition; damage to reputation, denial of annual review, attorneys' fees, costs and other damages allowed under the ADA.

44. Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to her physical well being.

WHEREFORE, Plaintiff, ALICE BREWER, respectfully requests judgment against Defendants, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE HEALTH AND HOSPITALS CORPORATION, and ADVOCATE HEALTH CARE NETWORK, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the ADA and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, compensatory damages, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and

appropriate.

## COUNT IV
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. §2601

45. Plaintiff repeats and reasserts Paragraphs 1 through 44 as this paragraph 45 as if set forth fully herein.

46. Defendants were qualified employers as defined under the FMLA, and at all relevant times employed in excess of fifty (50) employees within her work site and Plaintiff was an eligible employee of the Defendants.

47. The foregoing acts and conduct by Defendants, including but not limited to, failing to restore Plaintiff to her position after taking leave under the FMLA, altering the terms and conditions of her employment upon return from her FMLA leave, and terminating Plaintiff's employment for partaking of rights available to her under the FMLA violated the Family and Medical Leave Act.

48. Defendants, individually and/or by and through their agents, engaged in the foregoing acts and conduct when they knew or should have known that the same were in violation of the Family and Medical Leave Act and any alleged reasons to the contrary are pretextual.

49. Defendants' wrongful acts, individually and/or by and through their agents, were deliberate, intentional, willful, wanton and malicious and in total disregard to Plaintiff's rights under the Family and Medical Leave Act of 1993.

50. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, attorneys

fees, costs and other damages allowed under the Family and Medical Leave Act.

WHEREFORE, Plaintiff, ALICE BREWER, respectfully requests judgment against Defendants, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE HEALTH AND HOSPITALS CORPORATION, and ADVOCATE HEALTH CARE NETWORK, in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under the FMLA and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, liquidated damages, an injunction against future violations, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## COUNT V
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT - RETALIATION
## 29 U.S.C. §2601

51.     Plaintiff repeats and realleges Paragraphs 1 through 50 as this Paragraph 51 as though fully set forth herein.

52.     Plaintiff was terminated from her position with Defendants in retaliation for participating in protected activity and exercising her rights under the Family and Medical Leave Act.

53.     Defendants terminated Plaintiff when they knew or should have known that the same was in violation of the Family and Medical Leave Act, and any alleged reasons to the contrary are pretextual.

54.     Defendants' wrongful acts, individually and/or by and through their agents, were deliberate, intentional, willful, wanton and malicious and in total disregard to Plaintiff's rights under the Family and Medical Leave Act of 1993.

55. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, compensatory damages, attorneys' fees, costs and other damages allowed under the FMLA.

WHEREFORE, Plaintiff, ALICE BREWER, respectfully requests judgment against Defendants, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE HEALTH AND HOSPITALS CORPORATION, and ADVOCATE HEALTH CARE NETWORK, in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under the FMLA and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, liquidated damages, an injunction against future violations, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## COUNT VI
## EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")
## 29 U.S.C. §1132

56. Plaintiff repeats and reasserts Paragraphs 1 through 50 as this Paragraph 56 as though fully set forth herein.

57. At all relevant times herein, Plaintiff was a participant and beneficiary of the welfare, pension and health benefit plan provided by Defendants.

58. Plaintiff was terminated on or about April 12, 2006, in order to deprive her of continued participation in Defendants' funded employee welfare and benefit program.

-11-

59. Defendants' motivation and intent for terminating the Plaintiff was discriminatory and in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et. seq.* Defendants offer no legitimate reason for such differential treatment or for the denial of Plaintiff's participation in said employee benefit program; any proffered reason is pretext for Defendants' illegal motivation.

60. Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to the Plaintiff's physical well being.

61. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of benefits, past and future, and other incidentals and benefits of employment, additional medical expenses, attorneys' fees, costs and other damages allowable under ERISA.

WHEREFORE, Plaintiff, ALICE BREWER, respectfully requests judgment against Defendants, ADVOCATE SOUTH SUBURBAN HOSPITAL, ADVOCATE HEALTH AND HOSPITALS CORPORATION, and ADVOCATE HEALTH CARE NETWORK, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under ERISA and award Plaintiff damages for loss of benefits, past and future, and other incidentals and benefits of employment, medical expenses incurred, attorneys' fees, costs and other damages allowable under ERISA, as well as any other further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
**ALICE BREWER**

/s/ *Kimberly A. Carr*
One of Her Attorneys

Kimberly A. Carr (kcarr@bestfirm.com)
Erin Buck Kaiser (ekaiser@bestfirm.com)
**BEST, VANDERLAAN & HARRINGTON**
12 West Cass Street
Joliet, IL 60432-4292
815.740.1500
815.740.6304 (facsimile)

# EXHIBIT A

EEOC Form 161-B (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Alice Brewer  
14647 Lamon Avenue  
Midlothian, IL 60445

From: Chicago District Office  
500 West Madison St  
Suite 2800  
Chicago, IL 60661

CERTIFIED MAIL 7001 0320 0005 9833 2643

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-03029 | Zelma Gonzalez, Investigator Support Asst | (312) 886-4821 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe,  
District Director

5/5/08 (Date Mailed)

cc: ADVOCATE SOUTH SUBURBAN HOSPITAL/ ADVOCATE HEALTH CARE INC.