**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALICE BREWER, | |
| Plaintiff, | |
| v. | Case No. 08 CV 3383 |
| ADVOCATE SOUTH SUBURBAN HOSPITAL; ADVOCATE HEALTH AND HOSPITALS CORP.; and ADVOCATE HEALTH CARE NETWORK, an Illinois corporation, | |
| Defendants. | |

**<u>NOTICE OF FILING</u>**

To:     Kimberly A. Carr
        Erin Buck Kaiser
        Best, Vanderlaan & Harrington
        12 West Cass Street, Suite 12
        Joliet, IL  60432

PLEASE TAKE NOTICE that on Monday, August 4, 2008, we filed with the Clerk of the United States District Court, Northern District, Eastern Division, Defendants', Advocate Health and Hospitals Corporation, d/b/a Advocate South Suburban Hospital, and Advocate Health Care Network, Amended Answer, a copy of which is attached and hereby served upon you.

August 4, 2008                          Advocate Health and Hospitals Corporation, d/b/a
                                        Advocate South Suburban Hospital, and
                                        Advocate Health Care Network


                          By:     /s/  Douglass G. Hewitt_____
                                  One of Its Attorneys

Douglass G. Hewitt (061 83834)
Natalie Norfus (062 9324)
Neal Gerber & Eisenberg LLP (13739)
Two North LaSalle Street - Suite 2200
Chicago, Illinois  60602
Telephone:  (312) 269-8000
Facsimile:  (312) 269-1747

## CERTIFICATE OF SERVICE

Douglass G. Hewitt, an attorney, certify that he caused this Notice and Defendants',

Advocate Health and Hospitals Corporation, d/b/a Advocate South Suburban Hospital, and

Advocate Health Care Network, ***AMENDED ANSWER TO COMPLAINT*** to be served upon

counsel of record listed below via first class U.S. mail, postage prepaid, on August 4, 2008, from

200 North LaSalle Street, Chicago, Illinois, before the hour of 5:00 p.m.

> Kimberly A. Carr
> Erin Buck Kaiser
> Best, Vanderlaan & Harrington
> 12 West Cass Street, Suite 12
> Joliet, IL  60432-4292
> (815) 740.1500
> (815) 740.6304 (facsimile)


_____
Douglass G. Hewitt

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALICE BREWER, | |
| Plaintiff, | |
| v. | |
| ADVOCATE SOUTH SUBURBAN HOSPITAL; ADVOCATE HEALTH AND HOSPITALS CORPORATION; and ADVOCATE HEALTH CARE NETWORK, an Illinois corporation, | Case No. 08 CV 3383 |
| Defendants. | |

## AMENDED ANSWER

Defendants, Advocate Health and Hospitals Corporation, d/b/a Advocate South Suburban Hospital, and Advocate Health Care Network (collectively, "Advocate"), for their Amended Answer and Affirmative Defenses to Plaintiff's, Alice Brewer, Complaint, states:

## NATURE OF ACTION

1.      This is an action seeking redress for discrimination in violation of the Americans with Disabilities Act (hereinafter "ADA"), the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1132, the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. § 2601, retaliatory discharge and other common law theories of recovery.

**ANSWER:**    Advocate admits that Plaintiff's Complaint purports to state a claim seeking redress for alleged discrimination and/or retaliation in violation of the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act (hereinafter "ERISA") 29 U.S.C. § 1132, and the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. § 2601. Advocate denies that it violated the ADA, ERISA, FMLA or that its actions regarding Plaintiff were unlawful.

## JURISDICTION AND VENUE

2.      Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1343(a)(3) and (4); 42 U.S.C. § 12201 *et seq*.; 29 U.S.C. 1132; 28 U.S.C. § 1331; and 29 U.S.C. § 2617(2)(A). Supplemental jurisdiction is based upon 28 U.S.C. § 1367(a).

**ANSWER:**     Advocate admits that this Court has jurisdiction over this action.

3.      Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 12201 and 28 U.S.C. § 1391(b) & (c), as Defendants reside herein.

**ANSWER:**     Advocate admits that venue is proper in this Court.

## PARTIES

4.      Plaintiff BREWER is a female citizen of the United States and currently is a resident of Burbank, Illinois.

**ANSWER:**     Advocate admits that Plaintiff is a female citizen of the United States, but lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 4.

5.      BREWER was at all relevant times an employee of Defendants and at all relevant times worked for the Defendants in the State of Illinois under their authority and control.

**ANSWER:**     Advocate admits that Plaintiff was employed by Advocate South Suburban Hospital, or its predecessor, from February 1, 1988 through April 17, 2006.  Advocate denies the remaining allegations and legal conclusions contained in Paragraph 5.

6.      Defendant ADVOCATE SOUTH SUBURBAN HOSPITAL is an assumed name of ADVOCATE HEALTH AND HOSPITALS CORPORATION, parented by ADVOCATE HEALTH CARE NETWORK.  Defendants are located at 17800 South Kedzie Avenue, Hazel Crest, Illinois  60429-0989.

**ANSWER:**     Advocate admits the allegations contained in Paragraph 6.

## PROCEDURAL REQUIREMENTS

7.      BREWER has fulfilled all conditions precedent to the institution of this action, under the ADA. She timely filed a Charge of Discrimination against Defendants with the United

States Equal Employment Opportunity Commission and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made a part hereof as Exhibit "A."

**ANSWER:**    Advocate admits the allegations contained in Paragraph 7.

## FACTUAL BACKGROUND

8.    Plaintiff began her employment with Defendants on February 4, 1988.

**ANSWER:**    Advocate admits that Plaintiff began her employment with South Suburban Hospital's predecessor on February 1, 1988.

9.    At all times throughout the course of her employment, Plaintiff performed her job to the satisfaction of her employer and beyond.

**ANSWER:**    Advocate denies the allegations contained in Paragraph 9.

10.    In or about 1989, Plaintiff was rendered disabled as defined within the Americans with Disabilities Act due to her chronic health conditions, Chronic Obstructive Pulmonary Disease (hereinafter "COPD").

**ANSWER:**    Advocate denies the allegations and legal conclusions contained in Paragraph 10.

11.    At all relevant times herein, Defendants knew of Plaintiff's disability.

**ANSWER:**    Advocate denies the allegations and legal conclusions contained in Paragraph 11. In further answer, Advocate affirmatively state that from approximately 2003 through April 2006, it was aware that Plaintiff had Chronic Obstructive Pulmonary Disease, but was not aware of the effect that condition had on Plaintiff.

12.    In 2003, Plaintiff's physician placed her on intermittent medical leave under the Family and Medical Leave Act (hereinafter "FMLA") wherein she would take days off as necessary for her condition. Plaintiff's intermittent FMLA was re-certified annually until her termination in April 2006.

**ANSWER:**    Advocate admits that, in 2003, Plaintiff's physician recommended that Plaintiff be afforded intermittent medical leave, and Plaintiff was granted intermittent medical leave under the Family Medical Leave Act, wherein she took days off as necessary for her

condition. Advocate admits that Plaintiff was granted intermittent medical leave between 2003 and 2006.

13.    Plaintiff began working under a new supervisor in late summer/early fall of 2004. After a brief time the new supervisor began to make frequent and openly derogatory comments about Plaintiff's disability.

**ANSWER:**    Advocate admits that, in the fall of 2004, Plaintiff began working under a new supervisor.  Advocate denies the remaining allegations and legal conclusions contained in Paragraph 13.

14.    Plaintiff complained to her supervisors and Human Resources regarding the adverse and discriminatory treatment by her supervisor, but nothing was done to stop the behavior.

**ANSWER:**    Advocate admit that on or about June 15, 2005, Plaintiff met with her supervisor and a representative from Human Resources to discuss her performance, and that Plaintiff complained about her supervisor.  Advocate denies that the complaints concerned adverse or discriminatory treatment and denies the remaining allegations contained in Paragraph 14.

15.    In accordance with her intermittent leave under FMLA, Plaintiff was off work for a brief time in September 2005 because of a hospitalization due to her COPD.  Upon her return to work Plaintiff updated her supervisor on her condition, and was thereafter written up under false pretenses on or about October 13, 2005.

**ANSWER:**    Advocate admits the allegations contained in the first sentence of Paragraph 15, but denies the allegations contained in the second sentence of Paragraph 15.

16.    In April 2006, Plaintiff missed a few days of work pursuant to her FMLA certification and a doctor's note.  Upon her return to work, she was terminated for exercising her rights under the Americans with Disabilities Act and the Family and Medical Leave Act, and to deprive her of her medical and financial benefits.

**ANSWER:**    Advocate admits the allegations contained in the first sentence of Paragraph 16, but denies the remaining allegations and legal conclusions contained in Paragraph 16.

4

17.    Plaintiff could have easily performed her job to the expectations of her employer with a reasonable accommodation.  Defendants failed to engage Plaintiff in any conversation to determine what accommodation(s) were required for her condition.

**ANSWER:**    Advocate denies the allegations and legal conclusions contained in Paragraph 17.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12201 *et seq.*

18.    Plaintiff repeats and reasserts Paragraphs 1 – 17 as this Paragraph 18 as though fully set forth herein.

**ANSWER:**    Advocate repeats and realleges its answers to Paragraphs 1 through 17 as its answer to Paragraph 18.

19.    Title I of the ADA requires employers with 15 or more employees to provide qualified individuals with disabilities an equal opportunity to benefit from the full range of employment-related opportunities available to others.

**ANSWER:**    The allegations contained in Paragraph 19 constitute legal conclusions, which do not require an answer.

20.    At all times relevant, Plaintiff was rendered disabled as defined by the Americans with Disabilities Act, due to her permanent physical conditions that significantly restricted her major life activities.

**ANSWER:**    Advocate denies the legal conclusions and allegations contained in Paragraph 20.

21.    At all relevant times, Plaintiff could perform her job functions with reasonable accommodations, including her brief medical leave, from her employer.

**ANSWER:**    Advocate denies the allegations contained in Paragraph 21.

22.    Instead of accommodating Plaintiff's conditions, Defendants subjected Plaintiff to differential treatment and adverse actions in the course of her employment in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12201 *et seq.,* including but not limited to various forms of unwarranted discipline, harassment and ultimately, termination.  Any other reason given for said behavior is pretextual.

**ANSWER:**    Advocate denies the allegations contained in Paragraph 22.

23.     Plaintiff was terminated on or about April 12, 2006, because of her disability.

**ANSWER:**     Advocate denies the allegations and legal conclusions contained in Paragraph 23.

24.     Non-disabled employees were not subjected to the same treatment or termination.

**ANSWER:**     Advocate denies the allegations contained in Paragraph 24.

25.     Plaintiff complained to her superiors regarding said unlawful treatment and Defendants' failure to accommodate her condition.

**ANSWER:**     Advocate denies the allegations contained in Paragraph 25.

26.     Due to its inaction, as well as the direct actions of their supervisors, Defendants acted in compliance with the aforementioned unlawful acts, and ratified same.

**ANSWER:**     Advocate denies the allegations contained in Paragraph 26.

27.     Defendants retained similarly situated non-disabled employees who had no higher skill level or experience than Plaintiff, and who were lesser qualified than Plaintiff.

**ANSWER:**     Advocate denies the allegations contained in Paragraph 27.

28.     Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, malicious, oppressive, and in total disregard and reckless indifference to Plaintiff's rights under the ADA, and justify the awarding of exemplary, liquidated and/or punitive damages.

**ANSWER:**     Advocate denies the allegations contained in Paragraph 28.

29.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, attorney fees, costs and other damages allowed under the ADA.

**ANSWER:**     Advocate denies the allegations contained in Paragraph 29.

## COUNT II
## FAILURE TO ACCOMMODATE UNDER THE
## <u>AMERICANS WITH DISABILITIES ACT</u>

30.    Plaintiff repeats and reasserts Paragraphs 1-29 as this Paragraph 30 as though fully set forth herein.

**ANSWER:**    Advocate repeats and realleges its answers to Paragraphs 1 through 29 as its answer to Paragraph 30.

31.    Plaintiff has a protected right as a qualified individual with a disability for an equal opportunity to benefit from the full range of employment-related opportunities available to others.

**ANSWER:**    Advocate denies the allegations contained in Paragraph 31.

32.    The ADA requires employers to engage in a mutual exchange with individuals with disabilities to evaluate how their condition may be accommodated.

**ANSWER:**    Advocate admits the allegations contained in Paragraph 32.

33.    The ADA also requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities, unless it results in undue hardship.

**ANSWER:**    Advocate admits the allegations contained in Paragraph 33.

34.    Defendants would not have suffered any undue hardship in providing reasonable accommodation to Plaintiff for her disability.

**ANSWER:**    Advocate lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 34 and, therefore, denies same.

35.    Plaintiff attempted to exercise her rights under the ADA through requests for reasonable accommodations.

**ANSWER:**    Advocate denies the allegations contained in Paragraph 35.

36.    Defendants refused to grant Plaintiff reasonable accommodations for her disability on more than one occasion, in violation of the ADA, and instead terminated her employment without justifiable cause.

**ANSWER:**    Advocate denies the allegations contained in Paragraph 36.

37.    The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

**ANSWER:**    Advocate denies the allegations contained in Paragraph 37.

38.    As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits, past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, exacerbation of her medical condition; damage to reputation, attorneys' fees, costs and other damages allowed under the ADA.

**ANSWER:**    Advocate denies the allegations contained in Paragraph 38.

## COUNT III
## RETALIATION – THE AMERICAN'S WITH DISABILITIES ACT

39.    Plaintiff repeats and reasserts Paragraphs 1-38 as this Paragraph 39 as though fully set forth herein.

**ANSWER:**    Advocate reasserts its answers to Paragraphs 1 through 38 as its answer to

Paragraph 39.

40.    Plaintiff has a federally protected right to equal treatment in the work place. Plaintiff attempted to exercise that right through complaints to Defendants through their supervisors and Human Resources professionals regarding the repeated differential treatment of Plaintiff due to Plaintiff's disability, as well as Defendants' failure to accommodate her disability, which resulted in total inaction and disregard for Plaintiff's situation.

**ANSWER:**    Advocate admits the allegations contained in the first sentence of

Paragraph 40.  Advocate denies the remaining allegations and legal conclusions contained in

Paragraph 40.

41.    Plaintiff was subjected to further adverse employment actions, including disciplinary action and wrongful termination, in retaliation for the complaints she made concerning Defendants' unlawful conduct under the ADA.

**ANSWER:**    Advocate denies the allegations and legal conclusions contained in

Paragraph 41.

42.      In taking the above adverse job actions against Plaintiff, Defendants acted in retaliation against Plaintiff for her disability, and her request for reasonable accommodation(s) for the same in violation of Section 503(b) of the ADA.

**ANSWER:**      Advocate denies the allegations and legal conclusions contained in

Paragraph 42.

43.      As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, exacerbation of her medical condition; damage to reputation, denial of annual review, attorneys' fees, costs and other damages allowed under the ADA.

**ANSWER:**      Advocate denies the allegations and legal conclusions contained in

Paragraph 43.

44.      Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to her physical well being.

**ANSWER:**      Advocate denies the allegations and legal conclusions contained in

Paragraph 44.


# COUNT IV
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. § 2601

45.      Plaintiff repeats and reasserts Paragraphs 1 through 44 as this paragraph 45 as if set forth fully herein.

**ANSWER:**      Advocate repeats its answers to Paragraphs 1 through 44 as its answer to

Paragraph 45.

46.      Defendants were qualified employers as defined under the FMLA, and at all relevant times employed in excess of fifty (50) employees within her work site and Plaintiff was an eligible employee of the Defendants.

**ANSWER:**      Advocate admits the allegations contained in Paragraph 46.

47.      The foregoing acts and conduct by Defendants, including but not limited to, failing to restore Plaintiff to her position after taking leave under the FMLA, altering the terms and conditions other employment upon return from her FMLA leave, and terminating Plaintiff's

employment for partaking of rights available to her under the FMLA violated the Family and Medical Leave Act.

**ANSWER:**     Advocate denies the allegations and legal conclusions contained in

Paragraph 47.

48.     Defendants, individually and/or by and through their agents, engaged in the foregoing acts and conduct when they knew or should have known that the same were in violation of the Family and Medical Leave Act and any alleged reasons to the contrary are pretextual.

**ANSWER:**     Advocate denies the allegations and legal conclusions contained in

Paragraph 48.

49.     Defendants' wrongful act, individually and/or by and through their agents, were deliberate, intentional, willful, wanton and malicious and in total disregard to Plaintiff's rights under the Family and Medical Leave Act of 1933.

**ANSWER:**     Advocate denies the allegations and legal conclusions contained in

Paragraph 49.

50.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, attorneys fees, costs and other damages allowed under the Family and Medical Leave Act.

**ANSWER:**     Advocate denies the allegations and legal conclusions contained in

Paragraph 50.


## COUNT V
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT – RETALIATION
## 29 U.S.C. § 2601

51.     Plaintiff repeats and realleges Paragraphs 1 through 50 as this Paragraph 51 as though fully set forth herein.

**ANSWER:**     Advocate repeats its answers to Paragraphs 1 through 50 as its answer to

Paragraph 51.

52.    Plaintiff was terminated from her position with Defendants in retaliation for participating in protected activity and exercising her rights under the Family and Medical Leave Act.

**ANSWER:**    Advocate denies the allegations and legal conclusions contained in

Paragraph 52.

53.    Defendants terminated Plaintiff when they knew or should have known that the same was in violation of the Family and Medical Leave Act, and any alleged reasons to the contrary are pretextual.

**ANSWER:**    Advocate denies the allegations and legal conclusions contained in

Paragraph 53.

54.    Defendants' wrongful acts, individually and/or by and through their agents, were deliberate, intentional, willful, wanton and malicious and in total disregard to Plaintiff's rights under the Family and Medical Leave Act.

**ANSWER:**    Advocate denies the allegations and legal conclusions contained in

Paragraph 54.

55.    As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, compensatory damages, attorneys' fees, costs and other damages allowed under the FMLA.

**ANSWER:**    Advocate denies the allegations and legal conclusions contained in

Paragraph 55.

## COUNT VI
## EMPLOYMENT RETIREMENT INCOME SECURITY ACT ("ERISA")
## 29 U.S.C. § 1132

56.    Plaintiff repeats and reasserts Paragraphs 1 through 50 as this Paragraph 56 as though fully set forth herein.

**ANSWER:**    Advocate repeats its answers to Paragraphs 1 through 50 as its answer to

Paragraph 56.

57.     At all relevant times herein, Plaintiff was a participant and beneficiary of the welfare, pension and health benefit plan provided by Defendants.

**ANSWER:**     Advocate admits the allegations contained in Paragraph 57.

58.     Plaintiff was terminated on or about April 12, 2006, in order to deprive her of continued participation in Defendants' funded employee welfare and benefit program.

**ANSWER:**     Advocate denies the allegations and legal conclusions contained in

Paragraph 58.

59.     Defendants' motivation and intent for terminating the Plaintiff was discriminatory and in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et. seq.* Defendants offer no legitimate reason for such differential treatment or for the denial of Plaintiff's participating in said employee benefit program; any proferred reason is pretext for Defendants' illegal motivation.

**ANSWER:**     Advocate denies the allegations and legal conclusions contained in

Paragraph 59.

60.     Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to the Plaintiff's physical well being.

**ANSWER:**     Advocate denies the allegations and legal conclusions contained in

Paragraph 60.

61.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of benefits, past and future, and other incidentals and benefits of employment, additional medical expenses, attorneys' fees, costs and other damages allowable under ERISA.

**ANSWER:**     Advocate denies the allegations and legal conclusions contained in

Paragraph 61.

## AFFIRMATIVE DEFENSES

Defendants, Advocate Health and Hospitals Corporation, d/b/a Advocate South Suburban Hospital, and Advocate Health Care Network, for their Affirmative Defenses to Plaintiff's, Alice Brewer, Complaint, states:

1.      Plaintiff's job performance failed to meet Advocate's legitimate expectations.  In August 2005, a number of performance issues were discussed with Plaintiff, including her failure to pull pending logs.  As a result of the counseling sessions, a lead technologist was assigned as a resource to assist Plaintiff with organizational skills and an additional Hematology Technologist was assigned so that Plaintiff could practice reading differentials.  In October 2005, Plaintiff was issued a Performance Deficiency Notice as a result of her failure to report patient test results accurately within turn-around time guidelines, her inability to work independent of assistance in the Hematology Department, her failure to complete all CAP proficiency surveys as assigned, and failure to consistently pull logs to detect delayed/missing specimens.  On three occasions between February 14 and February 16, 2006, Plaintiff failed to follow system wide policies/procedures for modification and documentation of critical values. Accordingly, on March 10, 2006, Plaintiff's Supervisors met with Plaintiff to discuss the foregoing incidents and other deficiencies in her job performance. Nevertheless, between March 15, 2006, and April 8, 2006, Plaintiff failed to correctly set-up specimens and incorrectly reported results in Microbiology.  Therefore, on April 17, 2006, Plaintiff was terminated based on deficiencies in her job performance.  Advocate had a legitimate, non-discriminatory/non-retaliatory reason for the decision to terminate Plaintiff's employment.

2.    To the extent Plaintiff's claims are based on acts occurring prior to April 4, 2006, they are barred pursuant to 42 U.S.C. § 2000e-5(e)(1) (2008) because she failed to file a timely charge of discrimination.

3.    To the extent Plaintiff's claims are based on an alleged violation of ERISA, they are barred for failure to exhaust administrative remedies as required by Defendants' employee welfare benefit plan documents.

WHEREFORE, Defendants request that judgment be entered in their favor and against the Plaintiff, Alice Brewer, and that the Court award them such other relief as is just.

Dated:  August 4, 2008                Respectfully Submitted,

                                      Advocate Health and Hospitals Corporation, d/b/a
                                      Advocate South Suburban Hospital, and Advocate
                                      Health Care Network


                            By:    /s/Douglass G. Hewitt
                                      One of Its Attorneys


Douglass G. Hewitt (06183834)
Natalie E. Norfus (06290354)
Neal Gerber & Eisenberg LLP
Two North LaSalle Street - Suite 2200
Chicago, IL  60602
Telephone:  (312) 269-8481
Facsimile:   (312) 269-1747


NGEDOCS: 1551686.2

14